UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA, )
)
    PLAINTIFF, )
)
    v. ) Case No. 5:20-cv-86
) (CBM-SPx)
188.7 ACRES OF LAND; )
MING FANG; *et al.* )
)
    DEFENDANTS. )

## PROTECTIVE ORDER

The parties to this Protective Order have agreed to the terms below; accordingly, it is ORDERED:

1. **Scope.** Discovery Materials are subject to this Protective Order upon being designated as Protected Information by the Producing Party in accordance with Paragraph 2 or, in the case of deposition testimony, transcripts, and exhibits, as described in Paragraph 7(b). However, this Protective order applies only to the specific copies of Discovery Materials so designated and to copies made therefrom and information derived therefrom. This Protective Order does not apply to copies obtained outside of discovery in this litigation (e.g., in investigations prior to litigation).

2. **Designation.**

(a) If a Producing Party has a good faith belief that certain Discovery Materials are entitled to confidential treatment under Rule 26(c) of the Federal Rules of Civil Procedure, the Producing Party may designate such Discovery Materials as subject to this Protective Order by marking them in accordance with Paragraph 4. The grounds for designating Discovery Materials as subject to this Protective Order include, without limitation:

(i) information prohibited from disclosure by statute, regulation, rule, or other law;

(ii) information that reveals trade secrets or confidential business information;

(iii) research, technical, commercial, procurement, or financial information that has been maintained as confidential;

(iv) personally identifiable information, including without limitation social security numbers and financial information associated with individuals;

(v) income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms; or

(vi) personnel or employment records of an individual.

      (b)    Information or documents that are available to the public may not be designated as Protected Information.

      (c)    The Producing Party may revoke its designation of Discovery Materials as subject to this Protective Order by providing a copy that is not marked in accordance with Paragraph 4, or by having counsel of record orally withdraw the designation on the record during a deposition.  The Producing Party must revoke its designation of Discovery Materials as subject to this Protective Order if determines that the materials do not contain Protected Information.

3.    **Definitions**.

      (a)    "Discovery Material" means documents, ESI, information, or other material produced or adduced in the course of discovery in this litigation, including initial disclosures; responses to subpoenas, interrogatories, and requests for production; deposition testimony and exhibits; and information derived therefrom.

      (b)    "ESI" means electronically stored information in any form, including but not limited to conventional electronic documents (e.g. spreadsheets and word processing documents), electronic mail, the contents of databases, mobile phone messages, digital and analog recordings (e.g. of voicemail), and transcripts of instant messages.

(c) "Parties" means the parties to this litigation including their counsel.

(d) "Producing Party" means: (i) a Party to this litigation including their counsel who is producing documents, ESI, or other materials in response to a discovery request served in this action; or (ii) a person or their counsel who is producing documents, ESI, or other materials in response to a subpoena served in connection with this action.

(e) "Protected Information" means documents, information, or other materials that are asserted to be entitled to confidential treatment under Federal Rule of Civil Procedure 26(c) and that have been designated as subject to this Protective Order by the Producing Party.

4. **Marking of Discovery Materials as Subject to this Protective Order**. To designate paper documents, image files, or tangible things, the Producing Party shall mark each page, image, or thing with the word "CONFIDENTIAL." For image files, including placeholders, these words must be branded onto each image (as opposed to an overlay), and must be positioned to avoid obscuring parts of the image that are not blank.

5. **Disclosure of Protected Information.** Unless otherwise ordered by this Court, the Parties may disclose Protected Information only to the following individuals:

    (i) Individual Parties and employees of a Party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

    (ii) Counsel for the Parties and employees of counsel who have responsibility for this litigation (including but not limited to paid or unpaid, temporary or permanent law clerks, paralegals, and administrative or clerical personnel);

    (iii) The Court and its personnel;

    (iv) Court reporters and recorders engaged for depositions;

    (v) The author or recipient of the document (not including a person who received the document in the course of litigation);

    (vi) Consultants, investigators, or experts used by a Party to assist in the preparation and trial of this action;

    (vii) Persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents; and

    (viii) Witnesses in this action to whom disclosure is reasonably necessary may receive a copy of documents containing Protected Information

during their deposition and for the purpose of reviewing their transcript, but may not retain a copy;

    (ix) Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

    (x) All individuals listed in subparagraphs (vi) and (ix) will execute the form attached hereto as Appendix A, acknowledging that they are bound by the terms of this Protective Order.

  6. **Use of Protected Information**.  Except as stated below, neither the Parties nor any third party contemplated by Paragraph 5 of this Protective Order shall use Protected Information for any purpose other than this litigation or settlement discussions regarding this litigation.

    (a) The Parties may use Protected Information as authorized by an order of this Court.

    (b) The United States may use Protected Information for law enforcement purposes and may, notwithstanding any other provision of this agreement, disclose Protected Information to law enforcement agencies.

7. **Procedures regarding Protected Information**.

(a) **Control of Documents.** Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure or use of Protected Information.

(b) **Depositions.** Portions of each transcript containing testimony that discusses any of the information listed in Paragraph 2(a) or is directly related to a document containing Protected Information shall be treated as Protected Information. During the deposition, or at any time during the thirty-day period after the date that a full and complete copy of the transcript has been made available for review to all parties whose confidential information was disclosed in the deposition, any party whose confidential information was disclosed may review the transcript (or portions thereof) and designate any confidential testimony or exhibits as Protected Information.

(c) **Filing of Protected Information.** The Parties may not file Protected Information except under seal. However, this Protective Order does not by itself, authorize the filing of any document under seal. Any Party wishing to file Protected Information in connection with a motion, brief, or other submission to the Court must comply with Rule 79-5 of the Local Rules of the District Court for the Central District of California.

(d) **Use of Protected Information at Trial or Hearing.** A Party that intends to present or that anticipates that another Party may present Protected Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Protected Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial. This Order does not govern the use of Protected Information at trial.

8. **Inadvertent Failure to Designate.** An inadvertent failure to designate Discovery Materials as Protected Information does not, standing alone, waive the right to so designate the Discovery Materials; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Protective Order, even if inadvertent, waives any protection for deposition testimony. If a Producing Party designates a document as Protected Information after it was initially produced, the other Parties, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Protective Order, and the Producing Party shall provide replacement documents marked in accordance with Paragraph 2. No Party shall be found to have violated this Protective Order for failing to maintain the confidentiality of material during a time when that material has not been designated Protected Information. If a Party identifies a document (not previously

marked or identified as Protected Information) that appears on its face or in light of facts known to the Party to contain Protected Information of any person, the Party identifying the information is under a good-faith obligation to notify the Producing Party and/or the interested person of the disclosure.  Such notification does not waive the identifying Party's ability to subsequently challenge any assertion that the document contains Protected Information.  If the Producing Party or other interested person wishes to assert that the document contains Protected Information, it shall provide such notice and replacement copies endorsed in compliance with this Protective Order.

9. **Inadvertent Disclosure.**  If a Party learns that, by inadvertence or otherwise, it has disclosed Protected Information to any person or in any circumstance not authorized under this Protective Order, that Party must make reasonable efforts to (i) notify in writing the Producing Party of the unauthorized disclosures, (ii) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (iii) retrieve all unauthorized copies of the Protected Information.  A Party that complies with the terms of this Paragraph promptly after learning of an inadvertent disclosure of Protected Information will be deemed in compliance with the requirements of this Protective Order.

10. **Challenges to Designations.** The designation of any Discovery Materials as Protected Information is subject to challenge by any Party, as follows.

(a) **Meet and Confer.** A Party challenging the designation of Protected Information must do so in good faith and must begin the process by conferring directly with counsel for the Producing Party. In conferring, the challenging Party must explain the basis for its belief that the designation was not proper and must give the Producing Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The Producing Party must respond to the challenge within 14 business days, except as provided in Subparagraph (b).

(b) **Judicial Resolution.** If, after satisfying the requirements of Paragraph 10(a) of this Protective Order, a Party elects to challenge a designation, that Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a certification of counsel that affirms that the movant has complied with the meet and confer requirements of Paragraph 10(a) of this Protective Order and comply with the discovery dispute procedure governed by Local Rule 37, to include the joint stipulation requirement. The Producing Party shall bear the burden of persuasion in any such challenge proceeding, provided however, that a person in interest may seek to intervene in accordance with the

Federal Rules of Civil Procedure. Until the Court rules on the challenge, all parties shall continue to treat the materials as Protected Information under the terms of this Protective Order.

    11. **Effect of this Protective Order**.

    (a) The production of documents by a Producing Party pursuant to this Protective Order constitutes a court-ordered disclosure within the meaning of the Privacy Act, 5 U.S.C. § 552a(b)(11); the Health Insurance Portability and Affordability Act of 1996 (HIPAA) implementing regulations, 45 C.F.R. § 164.512(a), (c)(1)(i); and the Trade Secrets Act, 18 U.S.C. § 1905.

    (b) Except on privilege grounds not addressed by this Protective Order, no person may withhold documents, information, or other materials from discovery in this litigation on the ground that they require protection greater than that afforded by this Protective Order, unless that person moves for an order providing such special protection.

    (c) Nothing in this Protective Order prohibits the United States from using or disclosing, for purposes other than this litigation, documents or information that the United States obtained outside of this litigation.

    (d) Nothing in this Protective Order or any action or agreement of a Party limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

(e) Nothing in this Protective Order may be construed or presented as a final judicial determination that any Protected Information is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

12. **Documents requested or demanded by non-parties**.

(a) If the United States is served with a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, or any Party is served with a discovery request issued in other litigation, that seeks documents, ESI, or other material designated as Protected Information by another Producing Party, the Party served with the request, must, within ten days of determining that the request seeks Protected Information:

(i) notify the Producing Party and provide a copy of the request; and

(ii) inform the person responsible for the FOIA or discovery request of this Protective Order and provide them with copy of this Protective Order.

(b) The Parties shall not produce Protected Information in response to any FOIA or discovery request or other request or demand except in compliance with: (i) this Protective Order (e.g., with the consent of the Producing Party), (ii) a

directive of this Court removing the designation as Protected Information, or (iii) a lawful directive of another court.

(c) Nothing in this order prohibits a Party from filing a motion with this Court seeking modification of this order to allow the disclosure of Protected Information. Any such motion must be served on the Parties in accordance with the Federal Rules of Civil Procedure and must describe in detail the proposed disclosure.

13. **Obligations on Conclusion of Litigation**.

(a) **Order Continues in Force.** Unless otherwise agreed or ordered, this Protective Order will remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) **Obligations at Conclusion of Litigation.** Within ninety (90) days after dismissal or entry of final judgment not subject to further appeal and subject to the Federal Records Act, 44 U.S.C. § 3101 et seq., and other legal obligations, the Parties shall take reasonable steps to ensure that all Protected Information is destroyed or returned to the Producing Party. Copies of Protected Information that are stored on electronic media that is not reasonably accessible, such as disaster recovery backup media, need not be returned or destroyed so long as they are not made accessible (e.g., disaster recovery backups are not restored); if such data are made accessible, the receiving Party must take reasonable steps to

return or destroy the restored Protected Information or documents as provided by this subparagraph.

(c) **Retention of Work Product and One Set of Filed Documents.** Notwithstanding the above requirements to return or destroy Protected Information, counsel may retain: (1) attorney work product, including an index that refers or relates to designated Protected Information so long as that work product does not duplicate verbatim substantial portions of Protected Information, and (2) one complete set of all documents filed with the Court including those filed under seal. To the extent additional copies are retained by counsel of record notwithstanding the employment of reasonable efforts to return or destroy Protected Information, such retained copies remain protected under this order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Protected Information.

14. **Order Subject to Modification.** This Protective Order is subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter.

15. This Protective Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

SO ORDERED:

Dated: October 13, 2021   
_____
Hon. Sheri Pym
United States Magistrate Judge

# APPENDIX A

## ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Central District of California in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as or asserted to be Protected Information in accordance with the specific terms of the Protective Order. The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Dated: _____   Signature: _____