| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>PLAINTIFF, )<br>)<br>v. )<br>)<br>188.7 ACRES OF LAND; )<br>MING FANG; *et al.* )<br>)<br>DEFENDANTS. ) | Case No. 5:20-cv-86<br>(CBM-SPx) |

# AMENDED ORDER OF FINAL JUDGMENT

Upon the filing of a Stipulation of Just Compensation executed by Plaintiff United of America ("States") and Defendant-Landowners Ming Fang, Xiao Yan Hu, Allen Lau, Zhou Shan Mu, Hu Ming, and Zhaojun Meng (collectively, "Defendants"), and for good cause appearing:

**IT IS HEREBY ORDERED THAT** just compensation for the Subject Property acquired by the United States described in the Declaration of Taking (ECF No. 2) shall be the sum of Three Hundred Seventy Five Thousand dollars ($375,000).

**AND IT IS FURTHER ORDERED THAT**:

1. The United States has acquired the Subject Property in fee simple.

2. The sum of $375,000 shall be full and just compensation and in full satisfaction of all claims of any nature against the United States by reason

of the institution and litigation of this action and taking of the Subject Property and estate described in the Declaration of Taking.

3. If any other person or entity is ultimately determined by a court of competent jurisdiction to have any right to receive compensation for the Subject Property taken in this action, Defendants shall refund into the registry of the Court the compensation distributed herein, or such part thereof as the Court may direct, with interest thereon calculated in accordance with the provision of 40 U.S.C. § 3116, from the date of the receipt of the award by Defendants to the date of repayment into the Court's registry.

4. The United States shall be held harmless from the claims of any additional party claiming an interest in all, or part, of the $375,000 that constitutes just compensation for the Subject Property and will be paid to Defendants in this action.

5. The United States shall be held harmless from the claims of any and all parties having liens or encumbrances and any other parties who may be entitled to any portion of the just compensation to be paid by virtue of any recorded or unrecorded easement.

6. Defendants shall pay and discharge in full all taxes, assessments, liens, and encumbrances against the property, if any exist, as of the date of taking.

7. The parties shall be responsible for their own legal fees, costs, and expenses (including attorneys' fees, consultants' fees, experts' fees, transcript costs, and any other expenses relating to this litigation).

8. Upon the Court's Order entering judgment as to the amount of just compensation for the Subject Property and the United States depositing the deficiency of $308,900 into the Court's registry, the Clerk of the Court shall immediately distribute all sums on deposit in the Court's registry to Defendants, together with any interest earned thereon while on deposit, in the following manner:

    i. On behalf of Defendants Ming Fang and Xiao Yan Hu, $116,950, together with the $33,050 previously distributed to them to equal 40% of the total just compensation to be paid and with 40% of any interest that have accrued on the deposited funds, and made payable to "McKinley LLP Client Trust Account" and sent to:

    Steven McKinley
    501 West Broadway, Suite 1340
    San Diego, CA 92101

ii. On behalf of Defendants Allen Lau, Zhou Shan Mu, Hu Ming, and Zhaojun Meng, $191,950, together with the $33,050 previously distributed to them to equal 60% of the total just compensation to be paid and with 60% of any interest that have accrued on the deposited funds, made payable to "Century Law Group LLP Client Trust Account" and sent to:

> Edward Lear
> Century Law Group
> 5200 W. Century Blvd., Suite 345
> Los Angeles, CA 90045

**IT IS SO ORDERED**.

Dated: JUNE 8, 2022

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE

CC:FISCAL